THE THOMAS MANUFACTURING COMPANY

*vs.*

JOHN WATSON.

Aroostook.    Opinion February 5, 1893.

*Action.    Special Indebitatus Assumpsit.    Damages.*

A contract for the delivery of machines by the plaintiff to the defendant and
which contemplated sales thereof to others, and fulfilled on the part of the
plaintiff, required the defendant to settle in one of three modes on a certain
day.    This he did not do.    The court adheres to the rule that general
indebitatus assumpsit for goods sold and delivered will not lie, but that an
action of special assumpsit counting on the contract may be maintained;
and damages to be assessed at the contract price.

ON EXCEPTIONS.

A verdict was rendered in favor of the plaintiff, under the
instructions of the court, for fifty-eight dollars; and he took
exceptions.

*Madigan and Madigan* and *L. C. Stearns*, for plaintiff.
*Powers and Powers*, and *Wilson and Lumbert*, for defendant.

EMERY, J.    There was a written contract between the
plaintiffs and defendant which is reported in full.    It provided
(among other stipulations) for the delivery of twenty-five
Royal Self-Dumping Rakes at twenty dollars and fifty cents by
the plaintiffs to the defendant between January 1, and June 15,
1889.    It also provided for a settlement therefor by the defend-
ant on September 1, 1889, in one of three ways at the option of
the defendant (1) by cash, (2) by farmers' notes taken by
defendant in exchange for rakes and indorsed by him, (3) by
his own note.

The plaintiffs delivered the rakes within the stipulated time,
and they were received by the defendant.    He did not, how-
ever, make any settlement for them in either stipulated mode,
nor in any mode, nor is there any provision in the contract
releasing him from the stipulation for a settlement on the day
named.    He thus committed a breach of that stipulation and
of the contract.

While the plaintiffs could not maintain for this breach an action of indebitatus assumpsit for goods sold and delivered, they could maintain an action of special assumpsit counting on the written contract and its breach. *Hunneman* v. *Grafton*, 10 Met. 454, 459. The declaration in this action contains such a special count, and under it the plaintiffs are entitled to recover damages, which are to be assessed at the contract price, since the defendant cannot successfully dispute the full value of notes indorsed or signed by himself.

*Exceptions sustained.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and WHITEHOUSE, JJ., concurred.